# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06247-SVW-AGR | Date | August 16, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Ricardo Vega et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

## I.     INTRODUCTION

On May 18, 2012, Plaintiff Federal National Mortgage Association, A/K/A Fannie Mae filed the instant unlawful detainer action against Defendant Ricardo Vega.  Plaintiff initially filed a Complaint (Case No. 12C 01589)in the Los Angeles County Superior Court, Whittier Courthouse.  On July 19, 2012, Vega removed the case to this Court. (Dkt. No. 1). . The Court hereby REMANDS the case to Los Angeles County Superior Court for the reasons set forth in this Order.

## II.    ANALYSIS

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393 (emphasis in original).  The only exception to this rule is where plaintiff's federal

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06247-SVW-AGR | Date | August 16, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Ricardo Vega et al | | |

JS - 6

claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendant Vega has failed to establish subject matter jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law; instead, it is governed solely by California law. See Wescom Credit Union v. Dudley, No. CV 10-8203 GAC (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Vega's "Petition for Removal" does not address Fannie Mae's Unlawful Detainer claim. Rather, Vega's Petition appears to allege a number of counterclaims against Fannie Mae without properly addressing Vega's basis for removing the case to this Court. The Court therefore concludes that Olivera has failed to demonstrate the existence of a federal claim.

Vega's "Petition" fails to address diversity jurisdiction. However, it is clear from Fannie Mae's Complaint that the amount in controversy requirement under 28 U.S.C. § 1332 is not satisfied. While Section 1332 states that the amount in controversy must exceed $75,000, Fannie Mae's Complaint expressly limits its demand to "under $10,000."

**III.   CONCLUSION**

The Court hereby REMANDS the case for the reasons set forth in this Order. The status conference set for Monday August 20, 2012 at 3:00 p.m. is hereby VACATED.

IT IS SO ORDERED.

:

Initials of Preparer          PMC